# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER BOLING,<br><br>    Petitioner,<br><br>    v.<br><br>STEVE LANGFORD,<br><br>    Respondent. | Case No. CV 18-05677-ODW (AFM)<br><br>**ORDER TO SHOW CAUSE** |

## BACKGROUND

On June 22, 2018, petitioner, a federal inmate currently incarcerated in the Federal Correctional Institution in Lompoc, California, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the Bureau of Prisons' computation of his sentence. For the following reasons, petitioner is ordered to show cause why the petition should not be dismissed for lack of jurisdiction.

## DISCUSSION

Generally, a federal prisoner is required to exhaust his administrative remedies prior to seeking a writ of habeas corpus under 28 U.S.C. § 2241. *See Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011) (per curiam); *Martinez v. Roberts*, 804

F.2d 570, 571 (9th Cir. 1986); *see generally Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam) (exhaustion of administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings").

The BOP has established administrative procedures that may be used by a federal prisoner to seek review of any aspect of his imprisonment. *Martinez*, 804 F.3d at 571; 28 C.F.R. § 542.10 *et seq*. An inmate is first generally required to "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue...." 28 C.F.R. § 542.13. Next, the inmate must raise a complaint to the warden of the institution where he is confined via a "Request for Administrative Remedy." The inmate may appeal an adverse decision by the warden to the Regional Director, and an adverse decision by the Regional Director may be appealed to the General Counsel. The appeal to the General Counsel is the final administrative appeal. 28 C.F.R. § 542.15; *see Nigro v. Sullivan,* 40 F.3d 990, 992 (9th Cir. 1994).

Because the exhaustion requirement is judicially created, however, a failure to exhaust does not deprive a federal court of subject matter jurisdiction. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Furthermore, a failure to exhaust can be excused. *See Camacho v. White*, 918 F.2d 74, 77 n.4 (9th Cir. 1990). "Typically, exhaustion can be waived 'if pursuing those administrative remedies would be futile.'" *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990) (quoting *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam)). Other exceptions to the general rule of exhaustion include when administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. *See Laing v. Ashcroft*, 370 F.3d 994, 1000-1001 (9th Cir. 2004).

From the face of the petition, it does not appear that petitioner has exhausted

his administrative remedies. Further, nothing in the petition suggests that exhaustion of administrative remedies would be futile or would result in irreparable injury, or that petitioner's available administrative remedies are inadequate or ineffective. Thus, it appears that the petition is subject to summary dismissal. *See Mangum v. Ives*, 2013 WL 5755493, at \*3-\*4 (C.D. Cal. Oct. 23, 2013) (dismissing § 2241 petition which challenged BOP's denial of prior custody credits, due to petitioner's failure to exhaust administrative remedies before seeking federal habeas relief); *Singh v. Ives*, 2013 WL 1182959, at \*2 (C.D. Cal. March 21, 2013) (summarily dismissing § 2241 petition challenging sentence credit calculation based upon failure to exhaust administrative remedies).

**ORDER**

Petitioner is ordered to show cause **on or before August 1, 2018** why this action should not be dismissed without prejudice for failure to exhaust. Specifically, petitioner must either indicate that he has exhausted his administrative remedies or show that exhaustion should be excused for one of the reasons set forth above.

Finally, petitioner is cautioned that failure to timely file a response to this order may result in dismissal of this action without prejudice for failure to exhaust, for failure to comply with court orders, or for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

DATED: 7/9/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE